**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIERRE DONTE' JOSHLIN, | No.   16-16669 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-01014-JAD-NJK |
| v. | |
| DWIGHT NEVEN, Warden; and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted August 16, 2018
San Francisco, California

Before:  SCHROEDER, SILER,[**] and GRABER, Circuit Judges.

Petitioner-Appellant Pierre Joshlin appeals from the district court's order

denying his petition for habeas relief pursuant to 28 U.S.C. § 2254.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

In light of the prosecution's improper comments, the only material dispute in this appeal is whether the Nevada Supreme Court erred in its application of the harmless error standard. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

We have independently reviewed the record in this case. Although the state court may have failed to recognize that the burden was on the state to establish a lack of prejudice resulting from constitutional error, given the weight of the evidence presented against Joshlin, there was no "'reasonable possibility' that the error was harmful." *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (quoting *Brecht*, 507 U.S. at 637). The jury heard testimony describing the physical and circumstantial evidence linking Joshlin to the shooting. The police presented testimony of their pursuit of Joshlin from the stolen vehicle to the dumpster in which he was found, during which they maintained nearly constant visual surveillance. Joshlin was found in that dumpster with a Glock pistol matching ten of the bullet casings at the scene of the shooting. The gloves found with Joshlin in the dumpster contained gunshot residue.

The evidence against Joshlin was substantially stronger than that against his co-defendant, Jemar Matthews. As the court in *Matthews* recognized, *"[u]nlike Joshlin, who was found in a dumpster with a handgun linked to the shooting, there*

was no evidence directly linking Matthews to either the shooting or the robbery."

*Matthews v. Neven*, 250 F. Supp. 3d 751, 765 (D. Nev. 2017).

**AFFIRMED.**